AFFIRMED; Opinion Filed October 31, 2012.



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-11-00950-CR

TIMOTHY RICHARDSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F02-72346-P

# MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang
Opinion By Justice Lang

Appellant Timothy Richardson pleaded guilty to the offense of aggravated assault with a

deadly weapon. The trial court placed appellant on deferred community supervision for five years,

assessed a fine of $1,000, and ordered restitution in the amount of $5,000. Subsequently, the State

filed a motion to adjudicate guilt in which it alleged appellant committed the offense of indecency

with a child while on community supervision. Appellant pleaded not true to the allegation in the

State's motion. After a hearing on the motion to adjudicate guilt (the "revocation hearing"), the trial

court found the allegation of indecency with a child true and granted the motion to adjudicate. Then,

the trial court found appellant guilty of aggravated assault with a deadly weapon and assessed

punishment at fifteen years' imprisonment.

On appeal, appellant asserts three issues: (1) the evidence presented against him during the revocation hearing was insufficient to justify a finding that he violated the terms of his deferred adjudication agreement, (2) he received ineffective assistance of counsel during the revocation hearing, and (3) he was incompetent during the revocation hearing. We decide appellant's three issues against him. The trial court's judgment is affirmed. Because all dispositive issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.2(a), 47.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The record shows that at the time of the revocation hearing in this case, appellant had also been charged with indecency with a child in case number F08-72628-P. The trial court addressed a motion by appellant to proceed to jury trial or, in the alternative, for a continuance as to the revocation hearing. Appellant testified for purposes of that motion that he wanted a jury trial in case number F08-72628-P, the "new case." According to appellant, he and his defense counsel had spent time preparing for a jury trial in the new case and he was "opposed [to] and surprised by the change of tactic where we would proceed on the motion to adjudicate instead." Appellant stated he and his defense counsel had not spent any time preparing for the motion to adjudicate guilt in this case. Further, appellant testified the motion to adjudicate guilt included "other allegations" in addition to the allegation of indecency with a child.

On cross-examination, appellant testified, in part, as follows:

Q. Mr. Richardson, you understand you absolutely have a right to a jury trial on the indecency case, do you not?

A. Yes.

Q. Okay. And that is a trial that you will keep regardless of what happens in this revocation. Do you understand that?

A. Yes.

Q. That basically means that even if the Judge were to find that these allegations were true, you still have the right to assert a jury trial in the indecency allegations. Did you

–2–

realize that?

A. Could you repeat that?

Q. You have an absolute right to have a jury trial, and by going on the revocation, you do not—you are not denied that right. Do you understand that?

A. Yes. But I don't really understand what you're saying.

Q. What I'm saying is, even if the Judge were to find the allegations true today on this other case, you still have the right to a jury trial on your indecency of a child case. Did you realize that, did you know that?

A. Yes. I understand what you're saying, I believe.

Q. So the State cannot take away your right to a jury trial. Do you realize that?

A. Okay.

Q. You are entitled to a jury trial no matter what, do you understand that?

A. Okay.

Q. And regardless of what happens here, if you would like to assert your right to a jury trial in the indecency case, you are absolutely allowed to do so. Do you understand that?

A. Okay. Yes. I understand what you're saying on the jury—on the trial thing, but as far as the probation, I'm not getting—I'm not understanding a whole lot of what—

Q. Okay. But you do understand that you have an absolute right to assert your jury trial on the indecency case, you realize that, right?

A. Yeah.

Then, on redirect examination, appellant testified

Q. Were you aware that you do not have a right to a jury trial on the revocation? On the revocation of the probation on the other case, are you aware that you do not have the right to a jury trial in that proceeding?

A. I want a jury trial.

Q. Okay. Are you aware you're not entitled to one? Should they proceed on the facts of the new case to revoke your probation on the old one, you have no right to a jury trial, did you know that?

A. No, I didn't know that. But I want a jury trial.

Defense counsel argued appellant would lose the protections guaranteed to him by the justice system if the trial court proceeded on the motion to adjudicate guilt prior to a jury trial in the new case. Defense counsel asserted that while the two proceedings involved "essentially exactly the same evidence" as to the alleged indecency with a child, the State was required to satisfy a heavier burden of proof in a jury trial. Further, defense counsel asserted he had been acting on the assumption that a jury trial in the new case would be held prior to a revocation hearing and the parties "wouldn't have to deal with these other allegations in the motion to revoke because they would either—in all likelihood become moot depending on the outcome of the trial." Additionally, defense counsel contended "there is a significant danger that my representation of my client, jumping from jury trial to a motion to proceed to adjudication would be ineffective" because (1) defense counsel had received only one day's notice that the jury trial in the new case would not precede the revocation hearing and (2) the evidence that the State was relying on as to allegations in the motion to adjudicate other than indecency with a child had not been previously provided to defense counsel or appellant.

After the parties concluded their arguments as to appellant's motion, the following exchange took place:

> THE COURT: All right. Well, it's pretty clear to me that, [defense counsel], you're just—you're ready on the new case, Cause Number F08-72628, correct?
>
> [DEFENSE COUNSEL]: Yes, Your Honor.
>
> THE COURT: But you are not ready on the hearing on the State's motion to proceed with an adjudication of guilt in the other case; is that correct?
>
> [DEFENSE COUNSEL]: Yes, Your Honor.
>
> THE COURT: And although the Court believes that you've had plenty of time to—I mean, these cases have been pending for—the motion in the—Cause Number F02-72346 has been pending since September 5, 2008, and from what I can tell, you've been his attorney that entire time, correct?

-4-

[DEFENSE COUNSEL]: That is correct, Your Honor.

THE COURT: And the Court believes that you should be ready on that case as well; however, I'm concerned down the line about claims of ineffective assistance of counsel if I force you to—into a hearing on the State's motion to proceed with an adjudication of guilt at this point.

So, I'm ordering up a jury panel and we'll just pick a jury first.

At that point, a recess was taken. Following the recess, the State moved to strike all allegations in the motion to adjudicate guilt other than "the new case of indecency with a child." The State's motion to strike was granted by the trial court. Then, the following exchange occurred:

THE COURT: . . . And with regard to your motion to—for continuance, [defense counsel], you've indicated earlier that you were ready for trial in the new case, Cause Number F08-72628, which alleges the indecency with a child allegation on—with the complainant [E.P.], said alleged offense occurring on or about June the 11, 2008 in Dallas County, Texas. Is that correct, that you're ready for—you indicated earlier that you were ready in that case?

[DEFENSE COUNSEL]: Yes, Your Honor.

THE COURT: All right. And so with regard to readiness for—to defend the allegation of violation of Condition A alleging the complainant [E.P.], indecency with a child, you are ready in that regard to defend that allegation on the motion; is that correct?

[DEFENSE COUNSEL]: I'm ready—actually, yes.

THE COURT: Okay. And then under—based on the State's proceeding solely on the allegation of violation of Condition A, alleging the indecency with a child in the motion to proceed with an adjudication of guilt, the Court then reconsiders the—your motion for continuance and—and now denies the motion for continuance; however, I'll proceed in the hearing on the motion to proceed with an adjudication of guilty today. And, [defense counsel], if you need some additional time to get witnesses or evidence here at any point during the hearing on the motion, then advise the Court and I'll grant you that additional time as long as it's reasonable, okay?

[DEFENSE COUNSEL]: Yes, Your Honor. And I would just renew my objection based on the argument made earlier regarding my client's desire for a jury trial prior to the motion to adjudicate for exactly the same reasons.

E.P. testified at the revocation hearing that she is fourteen years old. E.P. stated that during the previous summer, she attended summer school with one of appellant's granddaughters. On several occasions during that summer, E.P. went to appellant's apartment after summer school ended

–5–

at approximately noon and visited with appellant's granddaughters until about 5:00 p.m., which was when E.P.'s mother usually came home from work. E.P. stated she sometimes went to appellant's apartment without her mother's permission.

E.P. testified that on the date of the incident in question, she was at appellant's apartment. Appellant's granddaughters were outside and E.P. and appellant were inside, alone, watching television. E.P. stated the front door to the apartment was closed and latched. She testified appellant asked her if she could keep a secret and she said "okay." According to E.P., appellant gave her ten dollars and told her to follow him. E.P. testified appellant led her to a "cubby area" in the apartment, near his bedroom. E.P. stated appellant touched her head and told her he liked her. She testified he tried to kiss her on the lips, but she turned her head. Then, E.P. testified, appellant touched her breasts, "butt," and vagina with his hands, over her clothing, and made "sound effects, like, ooh, yeah." E.P. stated she was scared and shocked and did not say anything. E.P. testified appellant grabbed her hand and put it on his penis, over his clothing, and made her "masturbate him." Additionally, E.P. testified appellant put two of his fingers on her vagina, over her pants, and started "masturbating" her. At that point, E.P. stated, one of appellant's granddaughters came into the apartment, "took two steps," then "walked right back out." E.P. stated appellant stopped what he was doing and "pointed his head toward the bedroom," which she understood to mean that he wanted her to go in there. She ran out of the apartment. E.P. testified that as she left, appellant told her "don't tell nobody." Later that same day, E.P. told her mother what had happened, and her mother called the police.

Additional witnesses at the revocation hearing included, in part, (1) Wendy Simon, E.P.'s mother, who testified E.P. had never been married to appellant and (2) appellant, who testified he did not commit the acts alleged.

Following the trial court's findings and assessment of punishment as described above,

appellant filed this appeal.[1]

## II. EVIDENCE AS TO ALLEGATIONS IN MOTION TO REVOKE

### A. Standard of Review

The decision to proceed to an adjudication of guilt and revoke deferred adjudication community supervision is reviewable in the same manner as a revocation of ordinary community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2011). We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Witkovsky v. State*, 320 S.W.3d 425, 428 (Tex. App.—Fort Worth 2010, pet. dism'd). In community supervision revocation cases, the State has the burden to prove the allegations in a motion to revoke by a preponderance of the evidence. *See Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Lee v. State*, 952 S.W.2d 894, 897 (Tex. App.—Dallas 1997, no pet.). The preponderance of the evidence standard is met when the greater weight of the credible evidence before the trial court supports a reasonable belief that a condition of community supervision has been violated. *Rickels*, 202 S.W.3d at 763–64; *Miles v. State*, 343 S.W.3d 908, 912 (Tex. App.—Fort Worth 2011, no pet.). The trial court is the sole judge of witness credibility and the weight to be given the testimony. *Witkovsky*, 320 S.W.3d at 429. We review the evidence in the light most favorable to the trial court's ruling. *Id.* If the State fails to meet its burden of proof, then the trial court abuses its discretion in revoking the community supervision. *Id.*

### B. Analysis

In his first issue, appellant contends the evidence presented against him at the revocation hearing was insufficient to justify a finding that he violated the terms of his deferred adjudication

---

[1] The Texas Court of Criminal Appeals allowed appellant to file an out-of-time appeal. *See Ex parte Richardson*, No. AP-76546, 2011 WL 1792665, at *1 (Tex. Crim. App. May 11, 2011).

agreement. According to appellant, E.P.'s testimony "is incredible and therefore should not be believed."

The State asserts E.P.'s testimony was sufficient for the trial court to find that appellant committed the offense of indecency with a child and thus violated his probation.

In the motion to proceed to adjudication of guilt, the State alleged appellant violated the conditions of his community supervision by "unlawfully, intentionally and knowingly engag[ing] in sexual contact with [E.P.], hereinafter called complainant, a child younger than 17 years, and not then the spouse of the defendant by contact between the hand of the defendant and the genitals of the complainant with intent to arouse and gratify the sexual desire of the defendant." *Cf.* TEX. PENAL CODE ANN. § 21.11 (West 2011). The record shows E.P. testified as to her age and stated that appellant touched her breasts, "butt," and vagina with his hands, grabbed her hand and put it on his penis, and put two of his fingers on her vagina and started "masturbating" her. Appellant testified those events did not happen. Additionally, E.P.'s mother testified E.P. had never been married to appellant.

In his brief on appeal, appellant contends E.P.'s testimony is not sufficient to support the trial court's finding because it is "incredible." Appellant argues

> During the course of her testimony [E.P.] had significant problems remembering important facts and details that were essential to proving the alleged conduct. In addition, a reading of her testimony demonstrates that she was confused throughout the time she was testifying. During direct examination, [E.P.] provided a drawing for the prosecutor in an attempt to demonstrate her knowledge of the layout of [appellant's] apartment. However, during cross-examination she is somehow unable to recall the layout of the furniture in the apartment even though she appeared to be certain during direct examination. Further, during other portions of her testimony she was clearly confusing facts and events.
>     Concerns about [E.P.'s] credibility are also at issue. . . . [E.P.] admitted to being dishonest with her mother and not telling her she had been going over to visit [appellant's] daughters almost every day after summer school.

(footnotes omitted). Appellant does not explain, and the record does not show, how the layout of the furniture in appellant's apartment was essential to proving the alleged conduct. Further,

–8–

appellant's citations to the record respecting "facts and events" as to which E.P. was confused or lacked memory do not show any uncertainty or inconsistency in E.P.'s testimony as to how and where appellant touched her.

As described above, the trial court was the sole judge of witness credibility and the weight to be given the testimony. *Witkovsky*, 320 S.W.3d at 429. Any inconsistencies "raise credibility issues for the trial court as factfinder, and the trial court was free to accept or reject any or all of the witnesses' testimony." *Miles*, 343 S.W.3d at 914. Viewing the evidence in the light most favorable to the trial court's ruling, we conclude the State met its burden of proving by a preponderance of the evidence that appellant violated the terms and conditions of his community supervision by committing the acts alleged. *See id.* (concluding trial court was free to resolve inconsistencies against defendant); *Brumbalow v. State*, 933 S.W.2d 298, 300–01 (Tex. App.—Waco 1996, pet. ref'd) (concluding evidence was sufficient to revoke community supervision for offense of indecency with child even though defendant argued complainant's testimony was "implausible" and "lacking in detail"); *Johnson v. State*, 943 S.W.2d 83, 85–86 (Tex. App.—Houston [1st Dist.] 1997, no pet.) (concluding that despite conflicts, evidence was sufficient to revoke community supervision for new offense of assault).

We decide against appellant on his first issue.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

#### A. Applicable Law

To prevail on a claim of ineffective assistance of counsel, appellant must show (1) counsel's performance fell below an objective standard of reasonableness; and (2) a reasonable probability exists that, but for counsel's errors, the result would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). To satisfy his burden under the first prong of the test, appellant must overcome a strong

–9–

presumption that counsel's performance fell within the wide range of reasonable professional assistance and might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Thompson*, 9 S.W.3d at 813; *see Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). The reasonableness of counsel's performance is judged under prevailing professional norms. *Strickland*, 466 U.S. at 688. Our review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight. *Id.* at 689; *Thompson*, 9 S.W.3d at 813. Under the second prong of the test, a reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694; *Thompson*, 9 S.W.3d at 812. A claim of ineffective assistance must be firmly supported in the record. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); *Thompson*, 9 S.W.3d at 813.

### B. Analysis

In his second issue, appellant asserts he received ineffective assistance of counsel during his revocation hearing. Specifically, appellant contends

> [T]he transcripts from the revocation hearing demonstrate that the representation provided by [defense counsel] was both incompetent and ineffective. [Defense counsel] made it clear to the court that he was unprepared for the revocation hearing that was to take place. The court, however, found that he should have been prepared, and ordered him to proceed. Therefore, [appellant] was forced to proceed with the revocation hearing being represented by an attorney who was ill-prepared to provide him with effective counsel. In fact, [the trial court judge] expressed concerns about forcing [appellant] to proceed on the revocation hearing, acknowledging that it may give rise to an ineffective assistance of counsel in the future.

Additionally, appellant asserts "[defense counsel's] confusion and ill-preparedness is evident from reading the transcript of the hearing."

The State responds that defense counsel "acknowledged he was prepared to proceed on the new charge and agreed he was prepared to go forward on the revocation." According to the State, "there was no showing [defense counsel] provided ineffective assistance." Further, during oral argument before this Court, the State asserted the record shows defense counsel's announcement that he was not ready to proceed on the motion to adjudicate pertained only to allegations in that motion

–10–

other than indecency with a child, which were subsequently struck.

The record shows that, while defense counsel initially stated he was not ready to proceed with the State's motion to adjudicate guilt in this case, he stated that he was prepared to proceed to a jury trial on the indecency with a child offense alleged in case number F08-72628. After a recess, all allegations in the motion to adjudicate guilt other than indecency with a child were struck. At that point, in response to the trial court's question of whether he was ready to defend the allegation of indecency with a child in the State's motion to adjudicate, defense counsel responded, "I'm ready—actually yes." The trial court stated that it would proceed with the revocation hearing at that time and that defense counsel would be given reasonable additional time, if needed, to get witnesses or evidence to the court. Then, defense counsel stated, "And I would just renew my objection based on the argument made earlier regarding my client's desire for a jury trial prior to the motion to adjudicate for exactly the same reasons."

On this record, we cannot agree with appellant that defense counsel "made it clear to the court that he was unprepared for the revocation hearing that was to take place." Rather, defense counsel unequivocally stated he was ready to defend the allegation of indecency with a child in the State's motion to adjudicate, which was the only remaining allegation in that motion at the time of the revocation hearing. Additionally, while appellant asserts defense counsel's "confusion" is "evident from reading the transcript of the hearing," appellant does not cite to the record in support of that assertion or further describe any such "confusion." *See Mallett*, 65 S.W.3d at 63 (claim of ineffective assistance must be firmly founded in record); *accord Thompson*, 9 S.W.3d at 813. We conclude appellant has not satisfied his burden under the first prong of *Strickland* to show that defense counsel was ineffective. *See* 466 U.S. at 700.

We decide against appellant on his second issue.

–11–

## IV. COMPETENCY

In his third issue, appellant contends he "was not competent during his revocation hearing."

### *A. Standard of Review*

We review a trial court's decision whether to conduct a competency inquiry under an abuse of discretion standard. *Montoya v. State*, 291 S.W.3d 420, 425 (Tex. Crim. App. 2009). A trial court's assessment of a defendant's mental competency is entitled to great deference by a reviewing court. *McDaniel v. State*, 98 S.W.3d 704, 713 (Tex. Crim. App. 2003).

### *B. Applicable Law*

"A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence." TEX. CODE CRIM. PROC. ANN. art. 46B.003(b) (West 2006). A person is incompetent to stand trial if he lacks (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against him. *Id.* art. 46B.003(a).

Either party may suggest by motion, or the trial court may suggest on its own motion, that a defendant may be incompetent to stand trial. *Id.* art. 46B.004(a) (West Supp. 2011). If evidence suggesting the defendant may be incompetent to stand trial comes to the attention of the court, the court on its own motion shall suggest that the defendant may be incompetent to stand trial. *Id.* art. 46B.004(b). On suggestion that the defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial. *Id.* art. 46B.004(c); *see Montoya*, 291 S.W.3d at 424 n.5.

The duty to conduct an informal inquiry as to competency is triggered when some evidence

raises a "bona fide doubt" as to whether an accused is competent. *Montoya*, 291 S.W.3d at 425.[2] A bona fide doubt is "a real doubt in the judge's mind as to the defendant's competency." *Fuller v. State*, 253 S.W.3d 220, 228 (Tex. Crim. App. 2008) (citing *Alcott v. State*, 51 S.W.3d 596, 599, n. 10 (Tex. Crim. App. 2001)). Evidence sufficient to create a bona fide doubt about an accused's competency may come from the trial court's own observations, known facts, evidence presented, motions, affidavits, or any other reasonable or credible sources. *See Montoya*, 291 S.W.3d at 425; *Hobbs v. State*, 359 S.W.3d 919, 924 (Tex. App.—Houston [14th Dist.] 2012, no pet.). The evidence need not be sufficient to find an accused actually incompetent. *See Fuller*, 253 S.W.3d at 228. Evidence is sufficient to create a bona fide doubt if it shows "recent severe mental illness, at least moderate retardation, or truly bizarre acts by the defendant." *McDaniel*, 98 S.W.3d at 710.

## C. Analysis

In his argument pertaining to the third issue, appellant asserts that although "defense counsel at the hearing did not request a competency hearing," the trial judge "should have concluded by [appellant's] answers and obvious confusion and failure to understand, that an informal determination of competency was warranted." According to appellant, "[t]he evidence found in the hearing transcripts was sufficient to rise to the level of a 'bona fide' belief [appellant] was incompetent" because "he understood neither the proceedings, nor his rights during said proceeding." Further, appellant contends "it is likely that a competency hearing at [the time of the revocation hearing] would have resulted in the court's finding that [appellant] was incompetent, thereby halting the hearing." Based on appellant's argument, we construe appellant's issue to assert the trial court erred by not conducting an informal competency inquiry *sua sponte*.

---

[2] We note that article 46B.004 was amended effective September 1, 2011, to add subsection (c-1). *See* Act of May 19, 2011, 82nd Leg. R.S., ch. 822, §§ 21(a), 22, 2011 Tex. Sess. Law Serv. 1893, 1899–1900 (codified at TEX. CODE CRIM. PROC. ANN. art. 46B.004(c-1) (West Supp. 2011)). That subsection states in part "a suggestion of incompetency is the threshold requirement for an informal inquiry" under article 46B.004(c) and "the court is not required to have a bona fide doubt about the competency of the defendant." *See id.* We do not address the effect of that subsection in this case because that subsection was not in effect at the time of appellant's hearing and neither party has suggested that it applies. *See White v. State*, Nos. 05-11-00984-CR, 05-11-00985-CR, & 05-11-00986-CR, 2012 WL 3104787, at *1 (Tex. App.—Dallas July 31, 2012, no pet.) (not designated for publication).

The State responds, in part, that an informal competency inquiry by the trial court was not required because the evidence was insufficient to create a bona fide doubt about whether appellant was competent.

In support of his argument, appellant cites his testimony during the hearing on his motion to proceed to jury trial or, in the alternative, for a continuance as to the revocation hearing. Appellant argues

> While being cross-examined by the State, [appellant] said more than once that he did not understand what was being said with regard to his right to a jury trial as well as issues pertaining to his community supervision. Further, even at times when it may have seemed as though the appellant understood what was happening, his reluctance and general "Okay" answers further demonstrate that he did not have a factual understanding of the proceedings against him. He also lacked a basic understanding of his rights during the proceeding.

(footnotes omitted). However, we cannot agree with appellant that the evidence in the record created a bona fide doubt that he lacked a rational and factual understanding of the proceedings against him or the ability to consult with his attorney with a reasonable degree of rational understanding. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.003(a); *Montoya*, 291 S.W.3d at 425. Rather, the record shows that the statements appellant contends demonstrate his confusion and misunderstanding are taken "in isolation" as evidence of incompetence while "the rest of the record shows that the issues were immediately and easily clarified." *See Montoya*, 291 S.W.3d at 426. (concluding court of appeals erred by requiring trial court to conduct competency inquiry based on defendant's "isolated instances of momentary confusion" during hearing). Further, "[t]he record in this case shows no indication of recent severe mental illness, moderate retardation, or truly bizarre acts, and there was no suggestion by [a]ppellant's attorney, the State, or the trial court, all of whom observed [a]ppellant's behavior at the hearing, that [a]ppellant appeared unable to understand the proceedings." *Id.* On this record, we conclude the trial court did not abuse its discretion by not conducting an informal inquiry as to appellant's competency. *See id.*; *see also Salahud-din v. State*,

206 S.W.3d 203, 209 (Tex. App.—Corpus Christi 2006, pet. ref'd).

We decide against appellant on his third issue.

## V. CONCLUSION

We decide appellant's three issues against him. The trial court's judgment is affirmed.

DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2
110950F.U05

—15—



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

TIMOTHY RICHARDSON, Appellant

No. 05-11-00950-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 203rd Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F02-72346-P).
Opinion delivered by Justice Lang, Justices Bridges and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 31, 2012.

DOUGLAS S. LANG
JUSTICE