

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-259-CR

WILLIAM LUTHER WITKOVSKY                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## OPINION ON STATE'S PETITION
## FOR DISCRETIONARY REVIEW

------------

Pursuant to rule of appellate procedure 50, we have reconsidered our previous opinion upon reviewing the State's petition for discretionary review. *See* Tex. R. App. P. 50. We withdraw our April 22, 2010 opinion and judgment, and we substitute the following.

### I. INTRODUCTION

Appellant William Luther Witkovsky appeals from a judgment revoking his community supervision. In four issues, Witkovsky argues (1) that the trial court

abused its discretion by revoking his community supervision because he completed a sex offender treatment program, (2) that a term used in the condition of his community supervision requiring that he attend and participate in a sex offender treatment program is so vague as to render the condition unenforceable, (3) that the trial court abused its discretion by revoking his community supervision because a second sex offender treatment program that he participated in was not administered in accordance with applicable guidelines, and (4) that the condition of his community supervision requiring that he attend and participate in a sex offender treatment program violates part of the code of criminal procedure. We will reverse and remand.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In February 2003, Witkovsky pleaded guilty to the offense of injury to a child. The trial court sentenced him to ten years' confinement, suspended imposition of the sentence, and placed him on community supervision for ten years. One of the conditions of Witkovsky's community supervision required of him as follows:

2. Submit to evaluation for sex offenders as directed by the supervision officer. Attend and participate fully in and successfully complete psychological counseling/treatment sessions (including aftercare) for sex offenders with an individual or organization which provides sex offender treatment or counseling as specified by or approved by the judge or the supervision officer. Assume responsibility for your offense. Pay all costs of evaluation/counseling/ treatment. Treatment must be completed within three years of its initiation.

2

In September 2008, the State filed a petition to revoke Witkovsky's community supervision, alleging that he had violated the terms and conditions of his community supervision for being "discharged unsuccessfully from Michael Strain and Associates Sex Offender Treatment, due to his poor progress on treatment plan goals and for his failure to be honest about and take responsibility for his sexual offense." The State did not allege a violation of any other condition of community supervision.

At the hearing on the State's petition, DeAnn Sheid-Cross, a supervisor with the Tarrant County Community Supervision and Corrections Department, testified that she had attended a "chaperone approval meeting" in February 2007 with Witkovsky, Witkovsky's wife, and Yolanda Slawson, Witkovsky's assigned community supervision officer. At the time of the meeting, Witkovsky had completed sex offender counseling with Jeff Clark at "Towards Healing" and was attending the "Aftercare" part of Clark's program. Cross testified that her conversation with Witkovsky at the February 2007 meeting caused her "major concern" because he had denied committing the offense for which he was on probation and could not give examples of the homework assignments that he had completed as part of his counseling. Cross opined that Witkovsky had "regressed" in regard to assuming responsibility for the offense that he had committed and in regard to the things that he had learned at treatment. She concluded that he needed additional counseling and recommended that he be placed in a different program to begin counseling "all over again."

3

Slawson testified that she was Witkovsky's primary community supervision officer from June 2002 to June 2007; that she attended the February 2007 meeting with Witkovsky, his wife, and Cross; and that Witkovsky's comments at the meeting also caused her concern. Slawson opined that Witkovsky had not been successfully treated in Clark's program, and she agreed to send Witkovsky to counseling with Michael Strain & Associates.

Michael Strain, an approved sex offender treatment provider, testified that Slawson had referred Witkovsky to him for sex offender counseling; that Witkovsky needed to work on accepting responsibility for his offense, criminal thinking errors, and child avoidance; and that Strain had ultimately discharged Witkovsky from counseling after unsuccessfully treating him for one and one-half years because Witkovsky had categorically denied ever inappropriately touching his granddaughter.

Jaye Crowder, a forensic psychiatrist, testified that Witkovsky was not treated in a sex offender treatment program as mandated by the guidelines set forth by the Texas Department of State Health Services, Council on Sex Offender Treatment. Stephen Finstein, a licensed clinical social worker, marriage family therapist, and sex offender treatment provider, testified that Witkovsky fully completed the requirements of his sex offender treatment. Witkovsky testified that Strain had asked him to admit certain things about his offense that he could not remember or that were not true, and Witkovsky opined that he had successfully completed Clark's sex offender program.

4

The trial court found that Witkovsky had violated his community supervision as alleged in the State's revocation petition, and it sentenced him to ten years' confinement.

### III. STATE'S MOTION TO STRIKE

The State filed a motion to strike two exhibits contained in the appendix to Witkovsky's brief. It argues that the exhibits should be struck because they are not part of the appellate record in this case. Exhibit "1" is the affidavit of Michael E. Harssema dated December 3, 2009, and Exhibit "2" is the affidavit of Jaye Crowder dated December 3, 2009. Neither exhibit is part of the appellate record in this case. Therefore, we grant the State's motion to strike the two exhibits contained in the appendix to Witkovsky's brief. *See* Tex. R. App. P. 34.1 ("The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record."); *Rasberry v. State*, 535 S.W.2d 871, 873 (Tex. Crim. App. 1976) (reasoning that documents attached to pro se brief could not be considered on appeal because they were not part of the record); *Grimes v. State*, 135 S.W.3d 803, 816 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (stating that appellate court cannot consider an item that is not part of the record on appeal).

### IV. STANDARD OF REVIEW

We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Cherry v. State*, 215

5

S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Cherry*, 215 S.W.3d at 919. The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Cherry*, 215 S.W.3d at 919. If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94.

### V. MODIFICATION OF WITKOVSKY'S COMMUNITY SUPERVISION

In his first issue, Witkovsky argues that the trial court abused its discretion by revoking his community supervision on the basis of his failure to successfully complete Strain's sex offender treatment program. He contends that he had already successfully completed Clark's sex offender treatment program and that his conditions of community supervision were never properly modified to require him to attend a second sex offender treatment program, as required by code of criminal procedure article 42.12, sections 10(d) and 10(e).

Code of criminal procedure article 42.12, section 10(a) provides that "[o]nly the court in which the defendant was tried may . . . impose conditions" of community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 10(a) (Vernon Supp. 2009);

6

*see DeGay v. State*, 741 S.W.2d 445, 449 (Tex. Crim. App. 1987). And "[e]xcept as provided by Subsection (d) of [section 10], only the judge may *alter* conditions of community supervision." Tex. Code Crim. Proc. Ann. art. 42.12, § 10(a) (emphasis added); *see also id.* art. 42.12, § 11(a) ("The judge of the court having jurisdiction of the case shall determine the conditions of community supervision and may . . . alter or modify the conditions."). Subsection (d)'s exception to subsection (a)'s requirement that only a judge may alter conditions of community supervision provides, "A judge that places a defendant on community supervision *may authorize* the supervision officer supervising the defendant . . . to modify the conditions of community supervision *for the limited purpose of transferring the defendant to different programs within the community supervision continuum of programs and sanctions*. *Id.* art. 42.12, § 10(d) (emphasis added). Thus, the exception in subsection (d) to the general rule that only a judge may alter a defendant's conditions of community supervision permits a supervision officer to modify a defendant's conditions of community supervision (1) when authorized by the trial court and (2) for the limited purpose of transferring the defendant to different programs within the community supervision continuum of programs and sanctions. *Id.*

Subsection (e) of section 10 explains the procedure that a supervision officer must follow if, pursuant to subsection (d), he or she has been authorized by the trial court to modify a defendant's conditions of community supervision. It provides,

7

> If a supervision officer . . . modifies the conditions of community supervision, the officer . . . shall deliver a copy of the modified conditions to the defendant, shall file a copy of the modified conditions with the sentencing court, and shall note the date of delivery of the copy in the defendant's file. If the defendant agrees to the modification in writing, the officer . . . shall file a copy of the modified conditions with the district clerk and the conditions shall be enforced as modified. If the defendant does not agree to the modification in writing, the supervision officer . . . shall refer the case to the judge of the court for modification in the manner provided by Section 22 of this article.

*Id.* art. 42.12, § 10(e).

In this case, one of Witkovsky's conditions of community supervision required that he attend and successfully complete a sex offender treatment program, including aftercare, as specified by or approved by the judge or his community supervision officer. The evidence introduced at the hearing on the State's petition to revoke showed that Witkovsky had completed Clark's counseling program and that he was participating in Clark's Aftercare program at the time of the "chaperone approval meeting" with Slawson and Cross in February 2007.[1] After the "chaperone approval meeting," Slawson—not Clark—transferred Witkovsky to Strain's sex offender treatment program because she and Cross opined that Witkovsky had

---

[1] Both Cross and Slawson testified that Witkovsky was in Aftercare at the time of the "chaperone approval meeting" on February 8, 2007. Their testimony is consistent with several letters that Clark sent to Slawson. The trial court admitted a July 11, 2006 letter from Clark to Slawson stating that "Witkovsky has successfully completed his treatment plan" and that he "is now being transferred to Aftercare." The trial court admitted another letter dated October 11, 2006, from Clark to Slawson updating Slawson on Witkovsky's attendance in Aftercare, stating that Witkovsky "is now only required to attend Aftercare once per month" and that he "will attend Aftercare on the third Wednesday of every month at 8 p.m."

regressed in regard to assuming responsibility for the offense that he had committed and in regard to the things that he had learned at treatment. The State concedes that Slawson's transfer of Witkovsky from Clark's sex offender treatment program to Strain's sex offender treatment program constituted a transfer of "the defendant to [a] different program[] within the community supervision continuum of programs," as contemplated by article 42.12, section 10(d). *See id.* art. 42.12, § 10(d). Indeed, the State argues in its brief that Witkovsky's "probation officer *'transferred'* him from one sex offender treatment program (Clark's) to another (Strain's) *within the continuum of such sex offender treatment programs* offered through Tarrant County's Community Supervision and Corrections Department." [Emphasis added.]

Although it is undisputed that Slawson performed a section 10(d) transfer of Witkovsky from one sex offender treatment program to another, thus modifying his community supervision, there is no evidence that the trial judge had authorized Slawson to make such a transfer or modification, as expressly required by section 10(d). *See id.* (stating that a judge "may authorize" a supervision officer to modify defendant's condition of community supervision). The condition of community supervision requiring that Witkovsky attend and participate in a sex offender treatment program permits Slawson to only specify or approve the individual or organization that will conduct Witkovsky's treatment, which Slawson had obviously done because Witkovsky had completed counseling with Clark and was participating in Aftercare when Slawson transferred him to Strain's program. Unlike the

9

community supervision order in *Mayfield v State*, 167 S.W.3d 585, 586 (Tex. App.—Beaumont 2005, no pet.)—in which the trial court had specifically included language providing that it "authorizes [Mayfield's] community supervision officer to modify conditions of community supervision and to transfer [Mayfield] to any community supervision program or residential facility deemed appropriate"—the order and its supplements and amendments thereto in this case setting the terms and conditions of Witkovsky's community supervision contain no such modification authorization. In the absence of any evidence demonstrating that the trial court had authorized Slawson to modify Witkovsky's community supervision by transferring him "to different programs within the community supervision continuum of programs and sanctions," section 10(a)'s default rule that "only the judge may alter conditions of community supervision" controls.[2] *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 10(a).

Further, even if the trial court had authorized Slawson to perform a section 10(d) transfer of Witkovsky from one sex offender treatment program to another, and thus implemented the exception to section 10(a)'s requirement that only a judge may

---

[2] Even if the trial court had authorized Slawson to transfer Witkovsky to a different program within the community supervision continuum of programs pursuant to section 10(d), which it did not, we question whether Slawson's action of assigning Witkovsky to Strain's sex offender treatment program to begin counseling "all over again" (as characterized by Cross) instead of assigning Witkovsky to an Aftercare program constituted a "transfer" as contemplated by section 10(d) because Witkovsky had already completed sex offender counseling with Clark and was participating in Clark's Aftercare program.

alter conditions of community supervision, there is no evidence that Slawson additionally complied with the requirements of section 10(e) by delivering a copy of the modified condition to Witkovsky; filing a copy of the modified condition with the sentencing court; noting the date of delivery of the copy in Witkovsky's file; and, if necessary, referring the case to the judge for modification in the manner provided by code of criminal procedure article 42.12, section 22. *See id.* art. 42.12, § 10(e) (providing that a supervision officer "shall" perform each of these actions). In other words, despite having a condition of his community supervision modified, there is nothing in the record to indicate that Witkovsky was afforded the opportunity to express in writing his agreement or disagreement with the modification and, if he disagreed, to have the modification referred to the judge for modification as provided by section 22. *See id.*; *see also Taylor v. State*, 592 S.W.2d 614, 616, n.1 (Tex. Crim. App. 1980) ("We pause to note our disapproval of an oral modification of the terms of probation.").

We note that the record shows that Witkovsky participated in Strain's sex offender treatment program for one and one-half years before being discharged from the program. In *Brown v. State*, the court of criminal appeals held that the trial court abused its discretion by revoking Brown's probation on the basis of his failure to comply with the condition of probation that he "[r]eport to the probation officer [a]s directed" because "[s]uch requirement standing alone constitutes an improper delegation of the setting of terms of probation to the probation officer." 508 S.W.2d

11

366, 368 (Tex. Crim. App. 1974); *see also Parsons v. State*, 513 S.W.2d 554, 555 (Tex. Crim. App. 1974) (holding that the condition in appellant's probation order that he report to the probation officer "as directed" was unenforceable as an improper delegation of authority to the probation officer). The court observed, however,

> The exercise of improperly delegated authority by a probation officer cannot make the delegation effective, *although on different facts, where parties over a period of time have accepted such a delegation of authority as shown by the course of conduct between them, a probationer may be estopped from objecting to being held to the duty assumed*.

*Brown*, 508 S.W.2d at 368 (emphasis added). In this case, although Witkovsky participated in Strain's sex offender treatment program for one and one-half years, we cannot conclude that the estoppel consideration detailed in *Brown* applies to preclude Witkovsky from challenging the validity of the modified condition for which his community supervision was revoked because, unlike the condition in *Brown*, the modified condition on which the trial court revoked Witkovsky's community supervision in this case—failing to complete a sex offender treatment program due to an unsuccessful discharge from Strain's program—does not constitute or involve an *improper delegation* of the trial court's authority. Rather, as explained above, the modified condition in this case involves *no delegation of the trial court's authority at all*—whether improper or otherwise. In contravention of article 42.12, section 10(a)'s requirement that only the judge may alter conditions of community supervision, Slawson unilaterally modified Witkovsky's condition of community supervision

12

requiring that he attend and successfully complete a sex offender treatment program when she transferred him from Clark's sex offender treatment program to Strain's sex offender treatment program.

Where there is no showing that the terms or conditions of community supervision were modified, a person's community supervision cannot be revoked for failure to meet the modified terms. *See Kelly v. State*, 627 S.W.2d 826, 827 (Tex. App.—Tyler 1982, no pet.) (citing *Ivy v. State*, 545 S.W.2d 827 (Tex. Crim. App. 1977)). Here, Witkovsky's community supervision was modified, but it was modified unilaterally, without court authorization. Accordingly, because Slawson was not authorized to modify Witkovsky's community supervision by transferring him from Clark's sex offender treatment program to Strain's sex offender treatment program, we hold that the trial court abused its discretion by revoking Witkovsky's community supervision on the basis of his failure to successfully complete Strain's sex offender treatment program. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 10(a), (d); *Rickels*, 202 S.W.3d at 763; *Cobb*, 851 S.W.2d at 873. We sustain Witkovsky's first issue. Having sustained Witkovsky's first issue, we need not address his second, third, and fourth issues. *See* Tex. R. App. P. 47.1.

## VI. PETITION FOR DISCRETIONARY REVIEW

The State has filed a petition for discretionary review. It does not challenge any of the analysis above regarding Slawson's unilateral modification of Witkovsky's community supervision. Instead, it argues that this court failed to consider

13

"alternative reasons" for concluding that the trial court did not abuse its discretion by revoking Witkovsky's community supervision. The lone "alternative reason" identified by the State for concluding that the trial court did not abuse its discretion by revoking community supervision concerns the requirement contained in condition number two of Witkovsky's community supervision (set out in full in section II above) providing that he "[a]ssume responsibility for [his] offense." Assuming, as the State contends, that this part of condition number two is an independent ground or condition on which the trial court could have revoked Witkovsky's community supervision, the unchallenged analysis above regarding Slawson's unilateral modification of Witkovsky's community supervision forecloses any possibility that the trial court could have based its decision to revoke Witkovsky's community supervision on his failure to assume responsibility for his offense. This is because the only grounds alleged by the State in support of its petition to revoke complain of Witkovsky's poor progress on treatment plan goals and his failure to be honest about and take responsibility for his offense in regard to his unsuccessful discharge *from Strain's sex offender treatment program.*[3] The State accordingly expressly limited

---

[3] Specifically, the State alleged that Witkovsky had violated condition number two of his community supervision only as follows:

[O]n or about August 5, 2008 the defendant was discharged unsuccessfully *from Michael Strain and Associates Sex Offender Treatment, due to* his poor progress on treatment plan goals and for his failure to be honest about and take responsibility for his sexual offense. [Emphasis added.]

14

the grounds on which it sought to have Witkovsky's community supervision revoked to only those relating to and underlying his unsuccessful discharge from *Strain's* sex offender treatment program. Having determined above that Slawson was never even authorized to modify Witkovsky's community supervision by transferring him from Clark's sex offender treatment program to Strain's sex offender treatment program, it makes no difference in this appeal whether or not Witkovsky assumed responsibility for his offense while participating in Strain's sex offender treatment program. Accordingly, there is no "alternative reason" alleged in the State's petition to revoke on which the trial court could have properly revoked Witkovsky's community supervision.

## VII. CONCLUSION

Having sustained Witkovsky's first issue, we reverse the trial court's judgment revoking Witkovsky's community supervision and remand the cause to the trial court.

BILL MEIER
JUSTICE

PANEL: WALKER, MCCOY, and MEIER, JJ.

PUBLISH

DELIVERED: June 24, 2010

---

We further note that although the State's petition to revoke alleges Witkovsky's "failure to . . . take responsibility for his sexual offense," the offense Witkovsky pleaded guilty to was injury to a child.