**William Luther WITKOVSKY,
Appellant,**

v.

**The STATE of Texas.**

**No. PD–1438–10.**

Court of Criminal Appeals of Texas.

Dec. 15, 2010.

Robert W. Buchholz, Dallas, for Appellant.

Andy Porter, Asst. Crim. D.A., Lisa C. McMinn, State's Attorney, Austin, for State.

KELLER, P.J., filed a dissenting opinion in which MEYERS, KEASLER, and HERVEY, JJ., joined.

The Court dismissed the State's petition for discretionary review as untimely, and the State has asked us to reconsider that decision. I would do so because, by my calculation, the petition was not late. What is at issue is the meaning of certain language in TEX.R.APP. P. 50.

## BACKGROUND

The trial court revoked appellant's probation. On appeal, the court of appeals reversed that judgment, holding that the trial court abused its discretion.[1] The State timely filed its original petition for discretionary review. On June 24, 2010, the court of appeals issued a Rule 50 opinion,[2] which responded to the arguments in the State's petition.[3] The State filed a motion for rehearing of that opinion on July 9th, which the court of appeals overruled on July 15th. On August 13th, the State filed a new petition for discretionary review. It is this new petition that the Court dismissed as untimely. Whether the State's new petition was timely depends upon whether the time for filing ran from the date the Rule 50 opinion issued or from the date the motion for rehearing was overruled. The Court dismissed the State's new petition on the theory that motions for rehearing from Rule 50 opinions are not authorized, and that therefore the time for filing ran from the issuance of the Rule 50 opinion. It is with this interpretation of Rule 50 that I disagree.

## THE RULES

Motions for rehearing are due fifteen days from a court of appeals's judgment.[4] Petitions for discretionary review are due thirty days from either the date of judgment or the date a timely motion for rehearing is overruled.[5] The State's motion for rehearing was filed within fifteen days after the Rule 50 opinion issued, and the State's new petition was filed within thirty days after the motion for rehearing was overruled. So the State's petition was timely, unless motions for rehearing from Rule 50 opinions are not allowed.

## RULE 50

Once a Rule 50 opinion issues, "[n]o further opinions may be issued by the

---

1. *Witkovsky v. State,* No. 2–09–259–CR, 2010 WL 1633434, 2010 Tex.App. LEXIS 3016 (Tex.App.-Fort Worth April 22, 2010) (withdrawn).

2. TEX.R.APP. P. 50.

3. *Witkovsky v. State,* 320 S.W.3d 425 (Tex. App.-Fort Worth 2010).

4. TEX.R.APP. P. 49.1.

5. TEX.R.APP. P. 68.2(a).

court of appeals." [6] Because no further opinions may issue, the Court concludes that no motions for rehearing may be filed. But nothing in Rule 50, or in any of the other appellate rules, explicitly prohibits a party from filing a motion for rehearing after a Rule 50 opinion.[7] And the "no further opinions" language does not prevent a court of appeals from denying a motion for rehearing, as the court of appeals did here. Furthermore, a court of appeals could act on a motion for rehearing without issuing another opinion: it could be persuaded by a motion for rehearing to withdraw its Rule 50 opinion, and it could issue an order granting a motion for rehearing for that purpose. Because a motion for rehearing from a Rule 50 opinion could be effective in this manner, Rule 50 should not be construed to prevent filing such a motion.

## THE ORIGINAL PETITION

Even if the State's new petition were untimely, the case cannot be resolved by simply dismissing that petition. In 2008, we amended Rule 50 to provide: "The original petition for discretionary review is not dismissed by operation of law, unless the filing party files a new petition in the court of appeals." [8] If the new petition in this case is dismissed because it was untimely, then the original petition is still pending.[9]

## EFFECT OF NONCOMPLIANCE

But we also amended Rule 50 to provide: "In the alternative, the petitioning party shall submit to the court of appeals copies of the corrected or modified opinion or judgment as an amendment to the original petition." [10] So a party who fails to timely file a new petition from a Rule 50 opinion must file the Rule 50 opinion as an amendment to the original petition. If a party fails to do so, then we should do what we normally do when petitions fail to comply with the Rules: we should strike it for noncompliance and allow an opportunity to cure the defect.

## THE EQUITIES

Rule 50 does not contain an explicit prohibition against motions for rehearing. When I voted to adopt the language in Rule 50, I, for one, did not intend the "no further opinions" language to prohibit motions for rehearing or to affect the deadline for filing a petition. In this case, the Rule 50 opinion simply responded to the State's arguments without changing the relief granted, so reverting to the petition that is still pending might not affect our review of the case. But if it does, and if we find the State's new petition to be untimely, we have the ability to grant review, on our own motion, of the grounds in the State's new petition.[11] The equities of the situation would seem to favor doing so.

I respectfully dissent to the Court's decision to deny the State's motion for rehearing.

---

6. Tex.R.App. P. 50(a).

7. *See* Tex.R.App. P., *passim;* Tex.R.App. P. 50, *passim.*

8. Tex.R.App. P. 50(a).

9. My understanding is that we have been dismissing "untimely" new petitions from Rule 50 opinions without taking any action with respect to the original petitions. That means the original petitions for cases governed by the 2008 amendment are still pending before this Court and these cases are *not* final. The Court should act quickly to rectify this situation.

10. *Id.*

11. *See* Tex.R.App. P. 66.1, 67.1.