IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1438-10






WILLIAM LUTHER WITKOVSKY, Appellant



v.



THE STATE OF TEXAS





DISSENT TO THE DENIAL 


OF THE STATE'S MOTION FOR REHEARING


ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


TARRANT COUNTY





 Keller, P.J., filed a dissenting opinion in which Meyers, Keasler,
and Hervey, JJ., joined.


 The Court dismissed the State's petition for discretionary review as untimely, and the State
has asked us to reconsider that decision. I would do so because, by my calculation, the petition was
not late. What is at issue is the meaning of certain language in Tex. R. App. P. 50.

BACKGROUND


 The trial court revoked appellant's probation. On appeal, the court of appeals reversed that
judgment, holding that the trial court abused its discretion. (1) The State timely filed its original
petition for discretionary review. On June 24, 2010, the court of appeals issued a Rule 50 opinion, (2)
which responded to the arguments in the State's petition. (3) The State filed a motion for rehearing of
that opinion on July 9th, which the court of appeals overruled on July 15th. On August 13th, the State
filed a new petition for discretionary review. It is this new petition that the Court dismissed as
untimely. Whether the State's new petition was timely depends upon whether the time for filing ran
from the date the Rule 50 opinion issued or from the date the motion for rehearing was overruled. 
The Court dismissed the State's new petition on the theory that motions for rehearing from Rule 50
opinions are not authorized, and that therefore the time for filing ran from the issuance of the Rule
50 opinion. It is with this interpretation of Rule 50 that I disagree.

THE RULES


 Motions for rehearing are due fifteen days from a court of appeals's judgment. (4) Petitions
for discretionary review are due thirty days from either the date of judgment or the date a timely
motion for rehearing is overruled. (5) The State's motion for rehearing was filed within fifteen days
after the Rule 50 opinion issued, and the State's new petition was filed within thirty days after the
motion for rehearing was overruled. So the State's petition was timely, unless motions for rehearing
from Rule 50 opinions are not allowed.

RULE 50


 Once a Rule 50 opinion issues, "[n]o further opinions may be issued by the court of
appeals." (6) Because no further opinions may issue, the Court concludes that no motions for rehearing
may be filed. But nothing in Rule 50, or in any of the other appellate rules, explicitly prohibits a
party from filing a motion for rehearing after a Rule 50 opinion. (7) And the "no further opinions"
language does not prevent a court of appeals from denying a motion for rehearing, as the court of
appeals did here. Furthermore, a court of appeals could act on a motion for rehearing without issuing
another opinion: it could be persuaded by a motion for rehearing to withdraw its Rule 50 opinion,
and it could issue an order granting a motion for rehearing for that purpose. Because a motion for
rehearing from a Rule 50 opinion could be effective in this manner, Rule 50 should not be construed
to prevent filing such a motion.

THE ORIGINAL PETITION


 Even if the State's new petition were untimely, the case cannot be resolved by simply
dismissing that petition. In 2008, we amended Rule 50 to provide: "The original petition for
discretionary review is not dismissed by operation of law, unless the filing party files a new petition
in the court of appeals." (8) If the new petition in this case is dismissed because it was untimely, then
the original petition is still pending. (9) 

EFFECT OF NONCOMPLIANCE


 But we also amended Rule 50 to provide: "In the alternative, the petitioning party shall
submit to the court of appeals copies of the corrected or modified opinion or judgment as an
amendment to the original petition." (10) So a party who fails to timely file a new petition from a Rule
50 opinion must file the Rule 50 opinion as an amendment to the original petition. If a party fails
to do so, then we should do what we normally do when petitions fail to comply with the Rules: we
should strike it for noncompliance and allow an opportunity to cure the defect.

THE EQUITIES


 Rule 50 does not contain an explicit prohibition against motions for rehearing. When I voted
to adopt the language in Rule 50, I, for one, did not intend the "no further opinions" language to
prohibit motions for rehearing or to affect the deadline for filing a petition. In this case, the Rule 50
opinion simply responded to the State's arguments without changing the relief granted, so reverting
to the petition that is still pending might not affect our review of the case. But if it does, and if we
find the State's new petition to be untimely, we have the ability to grant review, on our own motion,
of the grounds in the State's new petition. (11) The equities of the situation would seem to favor doing
so.

 I respectfully dissent to the Court's decision to deny the State's motion for rehearing.


Filed: December 15, 2010

Publish
1. Witkovsky v. State, No. 2-09-259-CR, 2010 Tex. App. LEXIS 3016 (Tex. App.-Fort Worth
April 22, 2010) (withdrawn).
2. Tex. R. App. P. 50.
3. Witkovsky v. State, 320 S.W.3d 425 (Tex. App.-Fort Worth 2010).
4. Tex. R. App. P. 49.1.
5. Tex. R. App. P. 68.2(a).
6. Tex. R. App. P. 50(a).
7. See Tex. R. App. P., passim; Tex. R. App. P. 50, passim.
8. Tex. R. App. P. 50(a).
9. My understanding is that we have been dismissing "untimely" new petitions from Rule 50
opinions without taking any action with respect to the original petitions. That means the original
petitions for cases governed by the 2008 amendment are still pending before this Court and these
cases are not final. The Court should act quickly to rectify this situation.
10. Id.
11. See Tex. R. App. P. 66.1, 67.1.