

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00511-CR

ALLEN LEEROY DOWNEY                                   APPELLANT

V.

THE STATE OF TEXAS                                        STATE

----------

### FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

----------

### MEMORANDUM OPINION[1]

----------

In one issue, appellant Allen Leeroy Downey appeals his conviction for indecency with a child by contact.[2] Appellant argues that his sex offender treatment provider denied him due process by discharging him from a sex offender treatment program after he refused to take a polygraph test. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 21.11(a)(1), (c)(1) (West 2011).

## Background Facts

A grand jury indicted appellant with committing indecency with a child, alleging that he had touched the breast of a child while intending to arouse and gratify his sexual desire. Appellant pled guilty to that offense while receiving admonishments about the effects of doing so, waiving constitutional and statutory rights, and judicially confessing.

The trial court deferred its adjudication of appellant's guilt and placed him on community supervision for ten years. As conditions of the community supervision, the trial court ordered him to, among other terms, abstain from using narcotics or other habit-forming drugs, complete 240 hours of community service, pay monthly supervision and sex offender fees, successfully complete a sex offender treatment program, and submit to polygraph examinations.

As part of pleading guilty, appellant received and signed a document informing him that on violation of "a condition" of community supervision, he could be arrested, detained, and convicted for his offense. Also, appellant and his attorney signed another document stating,

> The Defendant was advised that under the laws of this State, the court has determined and imposed the . . . conditions of community supervision . . . . The Defendant was further advised that the Court has the authority, at any time during the community supervision set forth above, to revoke the Defendant's community supervision *for any violation* of the above terms and conditions. [Emphasis added.]

Almost six years after the trial court placed appellant on community supervision, the State filed a petition for the trial court to revoke it and to

2

adjudicate appellant's guilt. The petition alleged that appellant had violated each of the conditions mentioned above by using illegal drugs on several occasions over the course of four years; being 203 hours behind schedule in performing community service; having delinquent balances for supervision and sex offender fees, and failing to remain in the sexual abuse treatment program because, among other reasons, he had missed a polygraph session. Appellant pled not true to these allegations.

After considering the evidence and witnesses presented by the parties at a contested hearing on the State's petition, the trial court found that appellant had violated all of the conditions specified in the petition, revoked his community supervision, found him guilty of indecency with a child by contact, and sentenced him to twenty years' confinement. Appellant brought this appeal.

**Appellant's Due Process Complaint**

In his only issue, appellant argues that he "was denied his right to due process of law when his sex offender treatment provider discharged him from her sex offender treatment program." In January 2012, appellant's probation officer, Michael Richards, assigned him to attend sex offender treatment with Emily Orozco.[3] According to Orozco's testimony at the adjudication hearing, appellant failed to attend his first scheduled session in her program. When he arrived at

---

[3]Orozco, who has a master's degree in education and counseling, has been a licensed sex offender treatment provider since 2001 and has treated many sex offenders since then. The record establishes that before 2012, appellant attended sex offender treatment with another counselor.

3

his next scheduled session a week later, he admitted that he had missed the first session because he had been using cocaine, and he stated that he had been abusing substances at the time of his offense. Orozco testified that from January 2012 until May 2012, appellant missed several therapy sessions while he continued to use cocaine. Because of his continued cocaine use, Orozco wanted him to take a polygraph exam before he could continue in the program. He refused, and based on that refusal, Orozco discharged him from the program on May 2, 2012.[4]

At the adjudication hearing, Richards testified that under his watch, appellant had committed many violations of community supervision, including, by admission, using cocaine ten times;[5] failing to complete his community service hours (he had completed only thirty-seven hours at the time of the hearing); and falling behind on his monthly fee payments.

Appellant contends that in violation of the United States and Texas constitutions and of a Texas statute, Orozco denied him due process by discharging him from the sex offender treatment program for failing to take a

---

[4]Prior to May 2012, appellant had taken at least ten polygraph examinations during his community supervision term. Orozco testified that her purpose in requiring polygraph examinations is to "determine whether [probationers] are following the guidelines set for them outside of the treatment setting."

[5]After learning of appellant's continuing use of cocaine, Richards arranged for appellant to attend outpatient drug treatment twice and a ninety-day inpatient drug treatment program once. Appellant relapsed after each of these treatments.

polygraph examination. Specifically, he argues that the discharge violated his right against compelled self-incrimination[6] because the polygraph that he refused to submit to would have revealed incriminating facts about his drug use. This is an argument that we do not need to resolve, however, because even assuming its validity, we must still affirm the trial court's judgment of conviction.

We review a trial court's decision to revoke community supervision for an abuse of discretion. *See Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *see also Witkovsky v. State*, 320 S.W.3d 425, 428 (Tex. App.—Fort Worth 2010, pet. dism'd). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated at least one condition of his community supervision. *See, e.g.*, *Bryant v. State*, 391 S.W.3d 86, 93 (Tex. Crim. App. 2012); *Clay v. State*, 361 S.W.3d 762, 765 (Tex. App.—Fort Worth 2012, no pet.); *Cantu v. State*, 339 S.W.3d 688, 691–92 (Tex. App.—Fort Worth 2011, no pet.) (mem. op.); *see also Long v. State*, No. 02-12-00090-CR, 2013 WL 1337975, at *3–4 (Tex. App.—Fort Worth Apr. 4, 2013, pet. ref'd) (mem. op., not designated for publication) (explaining that even a violation of a condition that a defendant considers to be technical or minor may support a trial court's revocation decision).

Recently, in *Dansby v. State*, the court of criminal appeals carved out an exception to the rule that the State must only prove one violation of a community

---

[6]*See* U.S. Const. amend. V (explaining that no one "shall be compelled in any criminal case to be a witness against himself").

supervision condition to sustain a revocation order. *See* 398 S.W.3d 233, 241–43 (Tex. Crim. App. 2013). Dansby pled guilty to indecency with a child, and a trial court placed him on five years' deferred adjudication community supervision. *Id.* at 234. Dansby agreed to conditions requiring him to complete a sex offender treatment program and to submit to polygraph tests at his probation officer's discretion. *Id.* After about a year of treatment, his sex offender treatment provider asked him to submit to a sexual history polygraph test. *Id.* Dansby went to the polygrapher's office for the test but refused to submit to it when he understood that he would be asked questions about prior sexual offenses. *Id.* at 235. A few months later, Dansby's sex offender treatment provider discharged him from the program. *Id.*

The State filed a motion to proceed to adjudication that alleged two grounds for revocation. *Id.* First, the motion claimed Dansby's refusal to participate in the sexual history polygraph violated condition 30 of his community supervision, which required him to submit to polygraphs. *Id.* Second, the State alleged that he had violated condition 36, which required him to "attend and successfully complete the Sex Offender Treatment Program." *Id.* After a hearing, the trial court found that Dansby had violated both conditions alleged by the State and adjudicated him guilty of indecency with a child. *Id.* at 239.

On appeal, Dansby argued that the trial court had unconstitutionally revoked his community supervision in violation of his Fifth Amendment privilege against self-incrimination. *Id.* Relying on the well-settled principle that the State

6

must prove only one violation of a condition, the court of appeals affirmed the revocation of Dansby's community supervision because he failed to successfully complete sex offender treatment, and the court of appeals did not address Dansby's Fifth Amendment argument. *Id.*

The court of criminal appeals granted Dansby's petition for discretionary review and held that the court of appeals had erred by declining to address the Fifth Amendment issue. *Id.* at 242–43. While the court acknowledged that an appellate court is usually entitled to rely on a single violation in affirming a revocation of community supervision, it reasoned that "this approach can work only if the violation upon which the reviewing court relies to uphold the trial court's ruling is itself unquestionably free of constitutional taint." *Id.* at 241. The court further reasoned that before the State can take advantage of the rule that one violation may support revocation on appeal, it "must demonstrate from the record that the one violation upon which it relies on appeal is supportable *independent* of whatever constitutional taint arguably inheres in the other." *Id.* The court held that the record supported a strong inference that Dansby was only discharged from his sex offender treatment program because he invoked his Fifth Amendment privilege. *Id.* at 242. Therefore, the Court reasoned that Dansby only violated condition 36 as a result of his refusal to comply with condition 30. *See id.* Because the conditions were inextricably linked, the Court remanded the appeal to the court of appeals with an instruction to consider the constitutional issue. *See id.* at 243.

Here, appellant argues that the State unconstitutionally revoked his community supervision because Orozco only discharged appellant from the sex offender treatment program after he refused to answer incriminating polygraph questions. However, after a thorough review of the record, we hold that appellant's case is distinguishable from *Dansby* because three unchallenged-on-appeal violations free of any "constitutional taint" exist (using cocaine on multiple occasions, failing to sufficiently complete community service hours, and failing to pay fees), any one of which is a sufficient basis to uphold revocation of appellant's probation. *See id.* at 241. Therefore, assuming that appellant preserved a meritorious Fifth Amendment claim, we need not address it and can rely on the general rule that violation of one community supervision condition suffices to uphold revocation on appeal. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980) ("We need not address appellant's other contentions since one sufficient ground for revocation will support the court's order to revoke probation."); *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978) (declining to address an appellant's argument because the revocation of his probation could be supported on another ground); *see also* Tex. R. App. P. 47.1; *Brown v. State*, No. 08-11-00230-CR, 2013 WL 173423, at *2 (Tex. App.—El Paso Jan. 16, 2013, no pet.) (not designated for publication) (declining to address an appellant's argument about the allegedly illegal seizure of evidence from his computer, which was related to one ground for revocation, when another ground for revocation supported the defendant's conviction); *Silber*

8

*v. State*, 371 S.W.3d 605, 611 (Tex. App.—Houston [1st Dist.] 2012, no pet.) ("[I]n order to prevail on appeal, the defendant must successfully challenge all of the findings that support the revocation order.").

Appellant appears to recognize that he violated conditions of community supervision that are not connected to his discharge from sex offender treatment, but he argues that the discharge was the State's "determining factor" in seeking revocation. Appellant has not, however, cited any authority for the proposition that the trial court's discretion in revoking community supervision is somehow impaired by the State's motivation in seeking revocation. Our review of an order "revoking community supervision is limited to a determination of whether *the trial court* abused its discretion." *Lopez v. State*, 46 S.W.3d 476, 482 (Tex. App.—Fort Worth 2001, pet. ref'd) (emphasis added); *see also* Tex. Code Crim. Proc. Ann. art. 42.12, § 10(a) (West Supp. 2012) (stating that it is the trial court's responsibility to "grant community supervision, impose conditions, [and] revoke the community supervision").

For these reasons, we conclude that the trial court did not abuse its discretion by revoking appellant's community supervision and adjudicating his guilt, and we therefore overrule his sole issue. *See Dansby*, 398 S.W.3d at 241–44.

## Conclusion

Having overruled appellant's only issue, we affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED:  September 19, 2013