# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-17-00019-CR

---

**Mark Luke, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT
NO. 15777, HONORABLE CHRISTOPHER DARROW DUGGAN, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

Mark Luke pleaded guilty in 2015 to the offense of driving while intoxicated with a child passenger. *See* Tex. Penal Code § 49.045. Punishment was assessed at two years' confinement in the Texas Department of Criminal Justice State Jail Division, but the district court suspended imposition of the sentence and placed Luke on community supervision for five years in accordance with the terms of his plea agreement. *See id*. § 12.35(a). At a subsequent hearing on the State's motion to revoke, the district court found that Luke violated the terms and conditions of his community supervision, revoked his community supervision, and sentenced him to eighteen months in state jail.

Luke appeals the district court's judgment in two issues, contending that the court abused its discretion by finding that he violated the terms and conditions of his community

supervision and that there was insufficient evidence to prove that he violated the terms and conditions of his community supervision. We will affirm the district court's judgment.

## BACKGROUND

The record reflects that Luke pleaded guilty to driving while intoxicated with a child passenger and was sentenced to two years in state jail, but the district court suspended imposition of the sentence and placed Luke on community supervision for five years. The record also reflects that the State sought to revoke Luke's community supervision multiple times. Initially, the State reached a plea-bargain agreement with Luke reinstating his community supervision. The last time, the matter proceeded to a hearing.

The State's only witness at the revocation hearing was Matthew Leon Clark, Luke's community-supervision officer with the Bastrop County Community Supervision and Corrections Department. Clark testified that he was part of the process resulting in the earlier plea agreement with Luke, and that as part of the agreement, Luke was to attend and successfully complete an Intermediate Sanctions Facility (ISF) program for a period of not less than 45 days and not more than 120 days.

The relevant part of that plea agreement is set forth in the court's "1st Order Modifying Conditions of Community Supervision," which is in the record. The order directs Luke to complete a 45-to-120 day ISF "substance abuse cognitive treatment track" program:

> The Defendant shall serve a term of confinement and treatment in a State of Texas Contracted Intermediate Sanction Facility for a period of not less than 45 days nor more than 120 days and the Defendant shall cooperate with and complete all

2

Intermediate Sanction Facility Program requirements for its substance abuse cognitive treatment track and abide with all rules and regulations of said facility. It is the Court's Order that said Defendant may be released from the Facility in a manner and on a date determined jointly by the Intermediate Sanction Facility Director and the Director of the Community Supervision and Corrections Department or their designees. Upon release, the Defendant is ordered to meet with his Community Supervision and Corrections Officer and continue to complete all other terms and conditions of his community supervision.

The order also provided that Luke would not incur supervision fees while awaiting entry to and during the ISF program, and that Luke would remain in jail until transported to the ISF program.[1]

Clark testified that after he returned to his office to complete Luke's admission package for the ISF program, he discovered that the program requirements had recently changed and that the 45-to-120-day ISF program combining substance abuse treatment and cognitive treatment no longer existed. Clark stated that the program now had two separate tracks consisting of a cognitive education track and a substance abuse track, that completion of both would not take more than 180 days, and that Luke could not complete both tracks with the order as written. Clark testified that he drafted a modification to the order incorporating this change. He then took the order along with the ISF admission package release form to Luke at the jail, but Luke refused to sign the new order or any release.

The record reflects that the State moved to revoke Luke's community supervision almost one month after the plea agreement, when Luke had still not started an ISF program. The State's motion alleged that Luke "failed to cooperate with and complete all Intermediate Sanction

---

[1] Shortly after entering into the plea agreement, Luke retained new counsel, who was his third lawyer in this case.

Facility Program requirements as directed." At the conclusion of the hearing on the motion to revoke, the district court found that Luke violated the terms and conditions of his community supervision by failing to complete the ISF program. The court noted that Luke requested reinstatement on community supervision and said that reinstatement was one of the court's options as punishment. Ultimately, the court offered Luke the choice of being sentenced to a Substance Abuse Felony Punishment Facility (SAFPF) program or having his community supervision revoked and serving two years in state jail with credit for time served. Luke conferred with his counsel and chose the latter. The court then imposed a reduced sentence of 18 months in state jail. Afterward, Luke filed a motion for new trial, which the court denied, and the court signed its findings of fact and conclusions of law. This appeal followed.

## DISCUSSION

A trial court's decision to revoke community supervision must be supported by a preponderance of the evidence. *Hacker v. State*, 389 S.W.3d 860, 864-65 (Tex. Crim. App. 2013). We review the court's revocation decision for an abuse of discretion, mindful that the trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Id*. at 865. In determining whether the trial court abused its discretion by finding a violation of a condition of community supervision, we view the evidence in the light most favorable to the trial court's findings and ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981)).

Modifications to the terms and conditions of a defendant's community supervision are governed by statute. When this matter was before the district court, the governing statute was

4

article 42.12, section 10 of the Texas Code of Criminal Procedure.[2] Under that statute, a judge may alter conditions of community supervision, and the judge may authorize the defendant's supervision officer to do so "for the limited purpose of transferring the defendant to different programs within the community supervision continuum of programs and sanctions." Former Tex. Code Crim. Proc. art. 42.12 § 10(a), (d). In such a case, if the community supervision officer modifies the conditions of a defendant's community supervision, the officer must: (1) deliver a copy of the modified conditions to the defendant; (2) file a copy of the modified conditions with the sentencing court; (3) note the date of delivery of the copy in the defendant's file; and if the defendant does not agree to the modification in writing, (4) refer the case to the judge of the court for modification as provided by section 22 of article 42.12. *Id*. § 10(e).

After a hearing on a motion to revoke community supervision, the court has authority to order that the defendant's community supervision be continued, extended, modified, or revoked. *Id*. § 21(b). If the court revokes community supervision, it may impose the sentence assessed at the punishment hearing or it may reduce the sentence that was suspended at the punishment hearing if it determines that to do so would serve the best interests of society and the defendant. *Id*. § 23(a).

**No abuse of discretion by finding violation of community supervision**

Luke contends that the district court abused its discretion by finding that he violated the terms and conditions of his community supervision. He asserts that there is no evidence that the

---

[2] The Texas Legislature repealed article 42.12 effective January 1, 2017, and enacted article 42A, as part of a nonsubstantive revision of community-supervision laws. *See* Act of May 26, 2015, 84th Leg., R.S., ch. 770-71, §§ 1.01, 3.01, 2015 Tex. Gen. Laws 2321, 2325 (codified at Tex. Code Crim. Proc. arts. 42A.051-.052).

court authorized his supervision officer to "unilaterally" modify the terms and conditions of his community supervision and no evidence that the due process procedural requirements of former article 42.12, section 10(e) were followed. Thus in Luke's view, the court abused its discretion by finding that Luke violated the terms and conditions of his community supervision that were "illegally modified."

In support of his argument, Luke relies on *Witkovsky v. State*, 320 S.W.3d 425 (Tex. App.—Fort Worth 2010, pet. ref'd, untimely filed), a case distinguishable from this one. In *Witkovsky*, the defendant was on probation for injury to a child when the State filed a motion to revoke, alleging that Witkovsky was "discharged unsuccessfully" from a sexual-assault-prevention program. *Id*. at 427-28. Witkovsky completed the program as ordered by the judge. *Id*. at 430. However, Witkovsky did not complete a separate sex-offender treatment program that was added after his community-supervision officer concluded that Witkovsky had "regressed" and required placement in a different program "to begin counseling all over again." *Id*. at 428.

On appeal, Witkovsky contended that the terms and conditions of his community-supervision order were never properly modified to require his completion of the second program. *Id*. at 429. The State conceded that the second program was a "transfer of the defendant to a different program" as contemplated by former article 42.12, section 10(d). *Id*. at 430. Thus, it was undisputed that there had been a modification of Witkovsky's community supervision. *Id*. The Fort Worth Court of Appeals stated that: (1) despite the State's concession, it was questionable whether starting a treatment program "all over again" constituted a "transfer to a different program within the community-supervision continuum" within the meaning of section 10(d); (2) there was no

evidence that the trial judge had authorized the community-supervision officer to modify the terms and conditions of Witkovsky's community supervision; and (3) even if the community-supervision officer had such authority, there was no showing that any of the procedural requirements of section 10(e) were met. *Id*. at 430-31 & n.2. The appellate court further stated that nothing in the record showed Witkovsky had an opportunity to express in writing his agreement or disagreement with the modification, and if he disagreed, to have the modification referred to the judge. *Id*. at 431.

The evidence in this case, viewed in the light most favorable to the trial court's ruling, is not like the evidence in *Witkovsky*. Luke did not start, much less complete, any ISF program ordered by the court. Clark did not conclude that Luke had regressed and decide to change the availability of the 45-to-120-day program of treatment; rather, as Luke's counsel noted, "I don't know that that's anybody's fault. I guess probation did not realize that the program had changed." Clark delivered to Luke a copy of the order, which Clark modified to describe the only available ISF program contemplated by the court's order. When Luke refused to sign it, the matter proceeded to the district court, which was authorized to order the continuation, extension, modification, or revocation of Luke's community supervision. *See* Former Tex. Code Crim. Proc. art. 42.12 § 21(b). Thus, the concerns in *Witkovsky* about the lack of a trial-court hearing and the lack of notice to, and input from, the defendant about modification of the terms and conditions of his community supervision are not present here. *Cf. Witkovsky*, 320 S.W.3d at 431. Luke has not shown that the court abused its discretion by finding that he violated the terms and conditions of his community supervision, which Luke contends were "illegally modified." We overrule Luke's first issue.

7

**Sufficient evidence supported finding of violation of community supervision**

In his next issue, Luke contends that there was insufficient evidence to prove that he violated the terms and conditions of his community supervision. He asserts that the State presented no evidence that he violated the terms and conditions of the "1st Order Modifying Terms and Conditions of Community Supervision," which required completion only of an ISF program spanning a period of not less than 45 days and not more than 120 days.

The decision to revoke community supervision must be supported by a preponderance of the evidence. *Hacker*, 389 S.W.3d at 864-65. "In the probation-revocation context, 'a preponderance of the evidence' means 'that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation.'" *Id*. at 865 (quoting *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006)).

Here, the State alleged that Luke "failed to cooperate with and complete all Intermediate Sanction Facility Program requirements as directed." Clark testified that he discovered that the ISF program requirements had recently changed, that the 45-to-120-day ISF program combining substance abuse treatment and cognitive treatment no longer existed, and that completion of both the cognitive education track and a substance abuse track—as contemplated by the court's "1st Order Modifying Terms and Conditions of Community Supervision"—would not take more than 180 days. Luke did not dispute Clark's testimony about this oversight, and Luke's counsel remarked that it was no one's fault; apparently the probation department did not realize the program had changed. Clark further testified that he drafted a modification to the order incorporating the change to the ISF program and took it to Luke, who refused to sign it. The district court was the sole

8

judge of Clark's credibility and the weight to be given to his testimony. *See id*. We conclude that the evidence in this record, viewed in the light most favorable to the district court's ruling, was sufficient to support the court's determination that the terms and conditions of Luke's community supervision required him to cooperate with and complete all ISF program requirements as directed and that—by rejecting the modified order for his admission to the only existing type of ISF program contemplated by the court's order—Luke did not cooperate with and did not complete the ISF program requirement as directed. Accordingly, the district court did not abuse its discretion by finding that Luke violated the terms and conditions of his community supervision. We overrule Luke's second issue.

## CONCLUSION

We affirm the district court's judgment revoking Luke's community supervision.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Field and Bourland

Affirmed

Filed:   July 20, 2017

Do Not Publish

9