

**NUMBER 13-17-00293-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**MICHAEL SCOTT SORRELL,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 24th District Court
of Victoria County, Texas.**

---

# MEMORANDUM OPINION
**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion by Justice Benavides**

By his sole issue, appellant Michael Scott Sorrell appeals the revocation of his deferred adjudication probation for first-degree felony aggravated robbery with a deadly weapon and felony possession of a controlled substance in penalty group one. *See* TEX. PENAL CODE ANN. §§ 12.35(c)(1), 29.03(a)(2) (West, Westlaw through 2017 1st C.S); TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West, Westlaw through 2017 1st C.S). He

also appeals the revocation of his probation on two counts of felony theft of a firearm. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(c) (West, Westlaw through 2017 1st C.S). We affirm.

## I. BACKGROUND

Sorrell was originally prosecuted in Victoria County on the four charges above arising out of a series of incidents that culminated in a collision in which he was injured on November 29, 2011. During the revocation hearing, Victoria County Sheriff's Deputy Mitchell Neal testified that he assisted Victoria police officers at the scene of the collision and continued the investigation. Deputy Neal's investigation revealed that Sorrell stole a long gun and a pistol from his uncle, as well as prescription medication including pain medication and Xanax which were found at the scene of the collision. Deputy Neal also determined that Sorrell threatened a pregnant friend with a stolen pistol when she refused to give him part of the food she was preparing.

Sorrell pleaded guilty to aggravated robbery and possession of a controlled substance on July 12, 2012. The trial court placed Sorrell on deferred adjudication for a period of ten years on both counts.

Sorrell was also convicted of two counts of theft of a firearm after a bench trial and was sentenced to two years in a state jail facility on each count to run concurrently. His sentences were suspended, and the trial court placed Sorrels on community supervision for five years on both counts.

During Sorrell's probation, the trial court imposed additional conditions to address Sorrell's substance abuse problem.[1] Sorrell was first required to seek outpatient mental health counseling in February 2013 to continue until discharged by the facility. In March

---

[1] The Clerk's Record includes the series of orders documenting these new conditions.

2014, Sorrell was placed in an intermediate sanction facility. In November 2016, Sorrell was ordered to enter an in-patient drug rehabilitation facility for at least ninety days. He successfully completed both his 2014 substance abuse treatment and an intensive thirty-day program that ended in January 2017. Sorrell was also required to participate in supportive in-patient drug treatment following his intensive drug treatment, but he left the facility after three weeks.

After Sorrell left the treatment program in February 2017, he was arrested in Guadalupe County after police responded to a 911 call for an assault on Sorrell's girlfriend Katherine Lee.

The State filed motions to adjudicate and motions to revoke his probation on all four charges. The motion to adjudicate in the aggravated robbery alleged that Sorrell: 1) committed assault causing injury family violence, 2) left Victoria County without permission, 3) violated his curfew, 4) failed to pay past due supervisory fees for the months of December 2014, January 2015 through December 2015, January 2016 through February 2016, and January 2017 through March 2017, 5) failed to complete 400 hours of community service by August 1, 2012, and 6) failed to comply with the rules of the treatment center and failed to remain until satisfactorily discharged. The motion to adjudicate on the controlled substance case was identical except that no fees or community service were ordered in that case and thus there were no violations of those conditions. The motions to revoke were identical to the motion for adjudication of the controlled substance case.

The trial court held a hearing on the motions to adjudicate and the motions to revoke. The State called the original complaining witnesses from the aggravated robbery

3

and theft cases. In addition, Sorrell's probation officer and Officer Dustin Kincaid, a City of Seguin police officer testified.

Officer Kincaid testified that shortly before 2 a.m. on February 26, 2017, he was dispatched to Lee's residence in Seguin based on a text message the 911 dispatcher received of an assault in progress. According to Officer Kincaid, Lee was not in the house, but was outside, "hiding in the truck in the driveway." Lee confirmed to the officer that she contacted 911. Sorrell was found in the backyard, "hiding in the shed." Lee reported to Officer Kincaid that she and Sorrell had an argument, he pulled her hair, and he caused her pain. According to Officer, Kincaid, at the time Lee spoke to him, she was whispering and "was extremely afraid. She wouldn't even talk to me while he was there." Officer Kincaid arrested Sorrell for assault and then learned Sorrell had an open warrant from Victoria. Lee refused to give a statement or allow photographs to be taken.

Sorrell's probation officer testified that Sorrell did not request permission to be out of Victoria County, and did not obtain permission to break curfew, or leave the drug treatment facility. Sorrell had not paid any fees or fines since 2015 and had not performed any community service since 2015. The probation officer also detailed Sorrell's history of drug testing that included five failed urinalysis tests since 2012.

Lee testified for Sorrell at the hearing on revocation. She admitted they had an argument in February 2017. She texted 911 during the altercation. Lee denied that Sorrell did anything that caused her pain, but she texted 911 to get someone to come and calm them both down. On cross-examination, Lee did not deny that she told one or more officers who responded to her 911 text that Sorrell pulled her hair and caused her pain. However, she claimed that she did not recall making those statements. After the events

4

of that night, Lee called the officer and wrote a letter in which she stated she did not want to pursue charges. Lee admitted that she was previously convicted of possession of marijuana and spent eighteen months in a state jail facility. She and Sorrell did drugs together in 2016.

The trial court found that the allegations in the motions to adjudicate were true and that Sorrell violated the terms of his probation. The trial court adjudicated Sorrell's guilt for aggravated robbery with a deadly weapon and possession of a controlled substance with the presence of a firearm. The trial court also found that the allegations in the motions to revoke were true and revoked Sorrell's probation on the two firearms theft convictions.

The trial judge considered evidence regarding appropriate sanctions resulting from the court's findings of true. The State asked the trial court to consider the presentence investigation report. Sorrell's mother testified he had a long-term drug problem and needed help. Sorrell also testified that although he had been a gang member and still had gang tattoos, he no longer associated with gang members, but could not afford to have his tattoos removed. Sorrell testified to his intermittent work as a barber, but also testified that his criminal record impaired his ability to obtain employment and to complete his community service requirements. Sorrell further testified he recalled little of the night he committed aggravated robbery and stole the firearms because he was high on cocaine and pills. The trial court sentenced Sorrel to ten years' imprisonment in the Texas Department of Criminal Justice Institutional Division for the controlled substance offense, to thirty-five years' imprisonment for aggravated robbery, and two years' imprisonment on each for the state jail felonies of theft of firearms, all to run concurrently.

5

## II. EVIDENCE WAS SUFFICIENT

By his sole issue, Sorrell challenges the trial court's finding that the allegation that Sorrell committed assault family violence was true.

### A.    Standard of Review

In a probation revocation proceeding, the trial judge is the fact-finder and sole judge of the credibility of the witnesses.  *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Naquin v.* State, 607 S.W.2d 583, 586 (Tex. Crim. App. [Panel Op.] 1980).  To revoke a defendant's probation, the trial court must find the allegation(s) to be true by a preponderance of the evidence.  *Hacker*, 389 S.W.3d at 865.  If the State fails to meet its burden of proof, a trial court abuses its discretion if it revokes a defendant's supervision. *Id.*  [A] trial court is authorized to revoke community supervision and proceed to adjudication so long as the State has established at least one of the violations it has alleged . . ."  *Dansby v. State*, 398 S.W.3d 233, 241 (Tex. Crim. App. 2013).

### B.    Sufficiency of the Evidence to Support Revocation

Appellant does not challenge the trial court's findings of true regarding Sorrell's failure to complete drug treatment, failure to obtain permission to leave Victoria County, or failure to abide by his curfew.  These violations alone could form the basis for the trial court's revocation of his supervision, as well as Sorrell's failure to pay fees, fines, and complete his community supervision.  Although these violations alone may be sufficient for the trial court to revoke, in the interest of justice, the Court addresses Sorrell's challenge to the trial court's find of true on the allegation he assaulted his girlfriend.

A person commits an assault if he "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse."  TEX. PENAL CODE ANN. §

6

22.01(a)(1) (West, Westlaw through 2017 1st C.S). Bodily injury is defined as "physical pain, illness, or any impairment of physical condition," and is proved if the evidence shows that the victim suffered "some" pain. *See id.* § 1.07(a)(8) (West, Westlaw through 2017 1st C.S); *Lane v. State*, 763 S.W.2d 785, 787 (Tex. Crim. App. 1989). The definition is purposefully broad and encompasses even relatively minor physical contact so long as the contact constitutes more than mere offensive touching. *Lane*, 763 S.W.2d at 787; *see also Hernandez v. State*, 268 S.W.3d 176, 179 (Tex. App.—Corpus Christi 2008, no pet.). "Any physical pain, however minor, will suffice to establish bodily injury." *Garcia v. State*, 367 S.W.3d 683, 688 (Tex. Crim. App. 2012).

Sorrell relies on *Witkovsky v. State*, 320 S.W.3d 425, 432 (Tex. App.—Fort Worth 2010), and *Weed v. State*, 891 S.W.2d 22 (Tex. App.—Fort Worth 1995), in support of his claim that the evidence of assault is insufficient. *Witkovsky* involved a change of treatment facilities by the probation officer that was not handled properly under the code of criminal procedure, and has no apparent application to the facts here. 320 S.W.3d at 432. The *Weed* case similarly provides Sorrell no relief. In *Weed* the trial court originally sentenced Weed to six months and suspended her sentence in favor of probation. When the trial court revoked Weed's supervision, the trial court sentenced her to twelve months' imprisonment. Weed's sentence was reversed and reformed by the Fort Worth court to conform to the original judgment of conviction. 891 S.W.2d at 25.

Although the complainant Lee denied Sorrell hit her or caused her pain, the trial court heard Officer Kincaid testify that he observed Lee who was "extremely afraid," was sitting in her truck in the dark, would not speak in front of Sorrell, and only whispered when she reported that he pulled her hair which caused her pain. Lee did not deny that she told

7

Officer Kincaid that Sorrell pulled her hair and caused her pain; rather she testified that she did not recall telling that version of events. The trial court was charged with deciding between conflicting testimony and did not abuse its discretion in finding Officer Kincaid's testimony more credible than Lee's. The officer's testimony provided evidence of the elements of the offense of assault.

We overrule Sorrell's sole issue on appeal.

### III. CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
26th day of July, 2018.